# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARWILL SHURIELL BODDEN,**<br>*Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:24-CV-1203-ADA** |
| | § | |
| **QUALIFIED DATA SYSTEMS, ET AL.,**<br>*Defendants* | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Qualified Data Systems, BioTeknica, and Abbott Laboratories' ("Defendants") motions to dismiss, Dkts. 14; 21; 28, Plaintiff Marwill Shuriell Bodden's motion to sever defendants, Dkt. 10, motion to amend her complaint, Dkt. 15, and motion for entry of scheduling order, Dkt. 23, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant the Defendants' motions to dismiss and deny or otherwise moot Bodden's motions.

## I. BACKGROUND

Bodden initiated this pro se employment-discrimination case on October 8, 2024, based on the alleged discrimination and retaliation she experienced by several individuals while she worked for Defendants. Dkts. 1; 12; 16. Bodden alleges that while she was working on-site for each defendant, an Abbott Laboratories ("Abbott")

employee made a racist comment in her presence, the vice president of BioTeknica sexually assaulted her, and Qualified Data Systems ("Qualified") failed to take her complaints seriously or allow an accommodation for her disability. Dkt. 1, at 7-11. In addition, Bodden claims Abbott retaliated against her by banning Bodden from its site for her failure to use her goggles in the lab (which she alleged occurred due to her disability) and by the wife of an Abbott employee hacking into Bodden's computer to steal Bodden's clothing designs after Bodden no longer worked for Defendants. *Id.* at 8-11. Despite her reference to "termination" in her complaint, it is unclear if Bodden was terminated from her position or chose to leave her employment with Defendants. *Id.* at 9-11.

Based on these experiences, Bodden brought claims against Defendants for employment discrimination and retaliation based on her race, color, religion, and disability in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as well as violations of the Americans with Disabilities Act ("ADA") and the First, Second, Ninth, Tenth and Fourteenth Amendments. Dkts. 1, at 3-4; 12, at 3-4; 16, at 3-4. Bodden attached to her initial complaint and second amended complaint the notice-of-right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), dated August 25, 2023, which Bodden alleges she received on September 5, 2023. Dkts. 1, at 5; 1-2, at 10; 16, at 9. Bodden moved to amend her complaint to add further detail regarding the millions of dollars of damages she seeks through this lawsuit. Dkt. 15. Defendants moved to dismiss her claims as time-barred and for failure to state a claim. Dkts. 14; 21; 28.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities,*

*Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

## III. DISCUSSION

Defendants each moved to dismiss Bodden's claims under Rule 12(b)(6) as time-barred and for failure to state a claim. Dkts. 14, 21, 28. Because Defendants raise the same issues in their motions, and BioTeknica and Qualified filed a supplemental motion asking the Court to incorporate arguments from Abbott's reply into their motion to dismiss, Dkt. 28, at 1, the undersigned will analyze the motions to dismiss together in evaluating Bodden's claims.

### A. Title VII and ADA Claims

Defendants argue that Bodden's Title VII and ADA claims are time-barred because she failed to timely file this lawsuit following her receipt of a notice-of-right-to-sue letter from the EEOC. Dkts. 14, at 4-5; 21, at 3-4. Under 42 U.S.C. § 2002e-5(f)(1), Bodden had 90 days from the date of receipt of such a letter to file her lawsuit. *Taylor*, 296 F.3d at 379 (citing 42 U.S.C. § 2002e-5(f)(1) (1994)). The 90-day requirement "is not a jurisdictional prerequisite; rather, [it] is akin to a statute of

limitations." *Espinoza v. Mo. Pac. R. Co.*, 754 F.2d 1247, 1249 n.1 (5th Cir. 1985) (citations omitted). The same limitations period applies to claims brought under Title VII and the ADA. *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 208 (5th Cir. 2015); *St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995).

Bodden filed her complaint over a year after she received the notice-of-right-to-sue letter from the EEOC. Dkts. 1; 1-2. The "requirement to file a lawsuit within the ninety-day limitation period is strictly construed," and Bodden's pro se status does not excuse her from this requirement. *Castaneda v. Maxim Healthcare Servs., Inc.*, No. SA-23-CV-00807-JKP, 2024 WL 1747650, at *3 (W.D. Tex. Apr. 23, 2024) ("The 90-day deadline is strictly construed and [plaintiff]'s *pro se* status does not exempt him from the responsibility to meet the deadline." (citing *Taylor*, 296 F.3d at 378-79)); *Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653 (5th Cir. 2007) (affirming dismissal of Title VII claims brought by pro se plaintiff as time-barred).

Bodden's reference to "[e]xtenuating circumstances" in the form of unspecified "[c]riminal activity" and the "need for medical reprieve" is insufficient to merit the application of equitable tolling to her claims. Dkts. 17, at 10-19; 22, at 8; *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) ("[E]quitable tolling applies only in 'rare and exceptional circumstances.'" (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002))); *see id.* ("Courts have typically extended equitable tolling where 'the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his

adversary's misconduct into allowing the filing deadline to pass.'" (citations removed)); *Gause v. Mattis*, No. 5:18-CV-417-DAE, 2018 WL 11452196, at *4 (W.D. Tex. Dec. 11, 2018), *aff'd sub nom. Gause v. Shanahan*, 801 F. App'x 247 (5th Cir. 2020) (declining to apply equitable tolling based on plaintiff's assertion of government misconduct and multiple health conditions).

The undersigned recommends that the District Judge grant Defendants' motion to dismiss Bodden's Title VII and ADA claims as time barred.

**B. Constitutional Claims**

Defendants argue that Bodden's remaining constitutional claims should be dismissed for failure to state a claim. Dkts. 14, at 5-6; 21, at 5-6. Specifically, Abbott argues that Bodden's First, Second, and Fourteenth Amendment claims fail because they can only be asserted against state actors, and Bodden has not alleged that Defendants are anything other than private employers. Dkt. 21, at 6. The undersigned agrees. The First, Second, and Fourteenth Amendments are only enforceable against state actors. *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) ("The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only *governmental* abridgment of speech." (emphasis in original)); *Fla. Retail Fed'n, Inc. v. Att'y Gen. of Fla.*, 576 F. Supp. 2d 1281, 1295 (N.D. Fla. 2008) ("[T]he constitutional right to bear arms restricts the actions of only the federal or state *governments* or their political subdivisions, not private actors." (emphasis in original)); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("[T]he principle that private action is

immune from the restrictions of the Fourteenth Amendment is well established and easily stated[.]”).[1]

Moreover, the “Ninth Amendment does not confer substantive rights upon which civil rights claims may be based” and “only states, and not private individuals, may properly bring suit under the Tenth Amendment.” *Johnson v. Texas Bd. of Crim. Just.*, 281 F. App’x 319, 320 (5th Cir. 2008); *Ass’n of Am. Physicians & Surgeons, Inc. v. U.S. Dep’t of Health & Hum. Servs.*, 224 F. Supp. 2d 1115, 1121 (S.D. Tex. 2002), *aff’d*, 67 F. App’x 253 (5th Cir. 2003). The undersigned recommends that the District Judge grant Defendants’ motions to dismiss Bodden’s remaining constitutional claims for failure to state a claim.

* * *

Bodden filed a motion to amend her complaint, Dkt. 15, after BioTeknica and Qualified filed their motion to dismiss, Dkt. 14, but before Abbott filed its motion to dismiss, Dkt. 21. In her motion to amend, Bodden highlights the proposed changes to her complaint, which include the addition of her email address, a unit number to her physical address, and damages totaling over $40 million. Dkt. 15, at 5, 10. Because these proposed amendments would have no impact on the resolution of Defendants’ pending motions to dismiss, the undersigned recommends that the District Judge

[1] Bodden did not include any allegations in her complaints suggesting that any of the limited circumstances in which a private entity can qualify as a state actor apply here. *See* Dkts. 1; 12; 16; *Halleck*, 587 U.S. at 809 (“Under this Court’s cases, a private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity[.]” (citations omitted)).

deny the motion as futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003))).

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' motions to dismiss, Dkts. 14, 21, 28, **DENY** Bodden's motion to amend, Dkt. 15, and **DENY AS MOOT** Bodden's other pending motions. Dkts. 10, 23.

The referral of this case to the Magistrate Judge should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 24, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE